In re TRUCKING INDUSTRY EMPLOY-
MENT PRACTICES LITIGATION.
No. 175.
Judicial Panel on Multidistrict Litigation.
Nov. 8, 1974.

Before ALFRED P. MURRAH *, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER *, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

This litigation consists of three actions in three different districts: the District of the District of Columbia, the Southern District of Texas and the Northern District of California. Plaintiffs in the Texas action move the Panel for an order transferring the three actions to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Plaintiffs in the California action support transfer while the Government and all defendants oppose transfer. We find insufficient basis for transfer under Section 1407 and, accordingly, deny the motion.

In March of 1974 the United States of America filed an enforcement action in the District of the District of Columbia against seven major trucking companies, the International Teamsters and Mechanics Unions, Trucking Employers, Inc., and the Teamsters National Over-the-Road and City Cartage Policy and

---

* Judges Murrah and Becker were unable to attend the hearing and, therefore, took no part in the consideration or decision of this matter.

Negotiating Committee. The seven major truckers were named individually as defendants and also as representatives of a defendant class of 349 trucking companies which employ over-the-road drivers and are parties to or bound by the National Master Freight Agreement. The United States alleges that defendants violated Title VII of the Civil Rights Act of 1964 and a related executive order by traditionally pursuing policies and practices that discriminate against blacks and Spanish-surnamed persons. It is alleged that the discriminatory practices include failing and refusing to hire members of these minorities for higher-paying, more desirable jobs and following transfer and seniority practices that perpetuate the discriminatory hiring pattern. A partial consent decree has been agreed to by the seven major trucking companies acting in their own behalf only.

The Texas action was filed against Missouri Pacific Truck Lines, Inc., the International Brotherhood of Teamsters, the Southern Conference of Teamsters and a Houston local teamsters union. Plaintiffs allege that defendants violated the federal civil rights laws by discriminatory hiring, transfer and seniority practices and purport to represent a class composed of all blacks and Spanish-surnamed Americans who are employed or might be employed by the Missouri Pacific terminal located in Houston and are members or might become members of the Houston local teamsters union.

The California action was filed against five trucking companies, a grocery company, the California Trucking Association, Trucking Employers, Inc., a California local of the International Association of Machinists and Aerospace Workers, the International Brotherhood of Teamsters, its National Over-the-Road and City Cartage Policy and Negotiating Committee, the Western Conference of Teamsters, and several teamsters locals in California. Plaintiffs also allege that defendants violated the federal civil rights laws by discriminatory employment practices and purport to represent a class of all black and Chicano citizens who were targets of defendants' alleged discrimination.

Texas and California plaintiffs argue that these actions involve common factual issues concerning employment discrimination by an entire industry and that coordinated or consolidated pretrial proceedings pursuant to Section 1407 are necessary in order to prevent duplication of discovery. Plaintiffs assert that the partial consent decree did not cover the common factual issues relating to transfer and seniority policies and that the International Brotherhood of Teamsters, the only party common to all three actions in this litigation did not enter into the consent decree. They also argue that the Government action is far from settled and that there is a substantial possibility that many members of the defendant class in the Government action, including certain defendants in the California and Texas actions, will resist entering into a consent decree and instead choose to litigate which will necessitate extensive common discovery.

While it is true that the complaint in the Government action focuses on alleged discrimination by an entire industry, plaintiffs have failed to persuade the Panel that the criteria for transfer of these actions under Section 1407 have been satisfied. The Texas action appears to be entirely local in nature, involving the alleged discriminatory effect of "dovetailing" the employees of two companies on a common seniority roster after the merger of the two companies eight years ago. And we recognize that the Government and California actions contain limited common questions of fact concerning the alleged discriminatory effect of the National Master Freight Agreement in perpetuating the practice of maintaining separate seniority lists for different job classifications. But like the Texas action, the California action appears to be predominately local in nature, involving, primarily, specific local acts of alleged discrimination. Thus, the Texas and California actions

will center on local discovery issues which are not likely to arise in the Government action. In addition, there are close to 400 defendants in the Government action, but only a handful of the defendants in the California action are common to those in the Government action and only one defendant in the Texas action is common to those in the other two actions. Moreover, a partial consent decree has been achieved in the Government action and we are advised that significant progress is being made toward overall resolution of this action through acquiescence and that transfer would have a deleterious effect on that effort. Under these circumstances, transfer at this time would neither serve the convenience of the parties and witnesses nor promote the just and efficient conduct of the litigation.

Our recent decision in In re Roadway Express, Inc. Employment Practices Litigation, 384 F.Supp. 612 (Jud.Pan.Mult. Lit., filed November 6, 1974), ordering transfer of certain actions involving a comparable subject matter, is distinguishable. That litigation consisted of three class actions in the Southern District of Texas against Roadway Express, Inc., the International Brotherhood of Teamsters, the Southern Conference of Teamsters and the Houston local teamsters union; and a single class action in the Western District of Texas against the same major defendants and the San Antonio local teamsters union. Like the present litigation, plaintiffs alleged that defendants violated the federal civil rights law by discriminatory employment practices. The actions in the *Roadway Litigation* also shared common factual issues concerning the interpreta-

tion of identical clauses in the master freight contracts but, unlike the actions in the present litigation, involved mostly common defendants. The crucial factor favoring transfer of the *Roadway Litigation,* however, was the similarity of the class allegations contained in the complaints and our desire to ensure that the possibility of inconsistent class determinations was eliminated. Such a situation is nonexistent here.

We share plaintiffs' concern about the possibility of a proliferation of lawsuits throughout the country dealing with the employment practices of the trucking industry. Our denial of transfer, therefore, is without prejudice to any party's right to seek Section 1407 treatment if it feels future circumstances so require. Nonetheless, unless we are persuaded that the statutory criteria are satisfied, transfer under Section 1407 will be inappropriate.

It is therefore ordered that the motion to transfer the actions on Schedule A pursuant to 28 U.S.C. § 1407 be, and the same hereby is, denied, without prejudice to the right of any party to move for transfer at a later time.

### SCHEDULE A

**Southern District of Texas**

| | |
|---|---|
| Rodney Savoy, et al. v. Missouri Pacific Truck Lines, Inc., et al. | Civil Action No. 73–H–1170 |

**Northern District of California**

| | |
|---|---|
| Leon Jones, et al. v. Pacific Intermountain Express, et al. | Civil Action No. C–73–2296–RHS |

**District of Columbia**

| | |
|---|---|
| United States of America v. Trucking Employers, Inc., et al. | Civil Action No. 74–453 |